UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES R. McELHOLM and | ) | |
| SINGLE SOURCE, INC., | ) | |
| Plaintiffs | ) | Civil Action |
| v. | ) | |
| MOHAWK TRAIL ASSOCIATION, INC., | ) | |
| Defendant | ) | |

COMPLAINT AND CLAIM FOR TRIAL BY JURY

Jurisdiction and Venue

This is a claim for copyright infringement and for breach of contract. Jurisdiction for the copyright infringement claim is conferred on this Court under the Copyright Act, 17 U.S.C. §101 *et seq*. Proper venue exists under 28 U.S.C. §1391 *et seq*. This Court has supplemental jurisdiction over the breach of contract claims under 28 U.S.C. §1367(a), in that said claims are so related to the copyright infringement claim that they form part of the same case or controversy.

1.  Plaintiff, JAMES R. McELHOLM (hereinafter, "McElholm"), is a professional photographer residing at 53 Old Webster Road, Oxford, Worcester County, Massachusetts 01540.

2. Plaintiff, SINGLE SOURCE, INC. ("Single Source") is a Massachusetts corporation duly organized by law, having a principal place of business at 53 Old Webster Road, Oxford, Worcester County, Massachusetts 01540.

3. At all times material hereto, Single Source has been in the business of supplying professional photographs and professional photographic services to its customers. All of the photographs and photographic services that are the subject of this Action were taken or supplied by McElholm, who was and continues to be the President of Single Source. McElholm licensed and supplied all of the photographs and performed all of the photographic services that are the subject of this Action through Single Source. McElholm and Single Source are sometimes collectively referred to as the Plaintiffs or as "Single Source."

4. Defendant, MOHAWK TRAIL ASSOCIATION, INC. ("MTA") is a Massachusetts corporation duly organized by law, having a usual place of business at 46 Howland Avenue, Adams, Massachusetts 01220, and a mailing address of P.O. Box 1044, North Adams, Massachusetts 01247. At all times material hereto, the MTA has promoted and continues to promote travel and tourism in and around north central and western Massachusetts, in an area known as the Mohawk Trail (the "Mohawk Trail Region").

5. From approximately 1993 to June 30, 2012, Single Source and the MTA had a contractual relationship with each other whereby Single Source was to provide and did provide certain photographic services and photographs to the MTA for an annual fee. All photographic services were conducted in the Mohawk Trail Region and the photographs consisted of various landscapes, scenic attractions, accommodations, aerial views and other points of interest in said Region. The photographs that were supplied to the MTA by Single Source are hereinafter referred to as the "Photographs" or "Images." A copy of the agreement between the Parties

covering the period from July 1, 2008 through June 30, 2009, which is representative of the agreements between the Parties for other years, is attached hereto as Exhibit A and is incorporated herein by reference.

6. During the approximately twenty (20) years when Single Source and the MTA had a contractual relationship with each other, McElholm created thousands of photographs of the Mohawk Trail Region. The Photographs that were delivered to the MTA up through November 5, 1999, were original photographic transparencies (also known as "slides" and sometimes referred to as "Master Original Transparencies"). Additional Images were supplied after November 5, 1999, on CDs or DVDs as electronic or digital images. All Photographs were in excellent condition at the time of delivery to the MTA. A copy of the "Delivery Contract" dated November 5, 1999, acknowledging that Single Source delivered 479 Master Original Transparencies to the MTA in good condition is attached hereto as "Exhibit B" and is incorporated herein by reference.

7. Each of the agreements that Single Source had with the MTA over the course of about twenty years was self-extending and continued from year to year unless terminated by either Party by written notification "sixty (60) days before the contract's anniversary date of July 1st." (See, for example, Exhibit A, the Renewal Contract covering the period from July 1, 2008 through June 30, 2009.)

8. Single Source received notice of termination from the MTA through its legal counsel by letter dated April 24, 2012. The letter said that the contract with the MTA "is hereby terminated, effective immediately." By the terms of the agreement between the Parties, the attempted "immediate" termination of the contract on April 24, 2012, was effective on the

anniversary date of the agreement, namely, June 30, 2012. (See letter from counsel for the MTA which is attached hereto as "Exhibit C" and which is incorporated herein by reference.)

## Count I
(Copyright Infringement)

9. Plaintiffs repeat the allegations of Paragraphs 1 through 8 of this Complaint as if said allegations were repeated herein in their entirety.

10. McElholm is the author of all of the Photographs of the Mohawk Trail Region that were supplied to the MTA by Single Source, and he owns and continues to own all of the rights to the Photographs including the copyrights thereto.

11. The Photographs were registered with the Copyright Registration Office at the Library of Congress under two separate registrations including Copyright Registration Number VA 1-946-001, and Copyright Registration Number VA 1-946-003. See copies of the Certificates of Registration which are attached hereto as "Exhibit D" and are incorporated herein by reference.

12. The MTA violated the license that was granted to it by Single Source by using at least one of the Photographs without the permission or authority of Single Source or of McElholm after the Agreements between the Parties were terminated effective June 30, 2012. The Photograph that was used and published by the MTA after June 30, 2012, is an image of the French King Bridge with a fisherman in the foreground. A copy of the photograph of the French King Bridge and an example of the unauthorized use of said photograph in 2015, are attached hereto as "Exhibit E" and are incorporated herein by reference.

13. The use and publication of the Photograph of the French King Bridge after the licensing agreements between the Parties expired on June 30, 2012, constitutes copyright infringement for which Single Source is entitled to its damages.

## Count II
(Breach of Contract – Failure to give Copyright credit when an Image was used)

14. Plaintiffs repeat the allegations of Paragraphs 1 through 8 of this Complaint as if said allegations were repeated herein in their entirety.

15. The Agreements and Delivery Contracts between the Parties provide in relevant part that one of the "Responsibilities of MTA" was as follows: "When images are used, copyright credit line is required in the following form: © Jim McElholm."

16. The MTA breached the Agreement with Single Source by using at least one of the Photographs for several years after the Agreements between the Parties expired on June 30, 2012, without giving copyright credit to Jim McElholm. The Photograph that was used by the MTA was the image of the French King Bridge with a fisherman in the foreground, a copy of which is attached hereto as "Exhibit E."

17. Such usage by the MTA without giving copyright credit to McElholm constitutes a breach of contract for which Single Source is entitled to its damages.

## Count III
(Breach of Contract – Lost or Damaged Photographs)

18. Plaintiffs repeat the allegations of Paragraphs 1 through 8 of this Complaint as if said allegations were repeated herein in their entirety.

19. The Agreements and Delivery Contracts between the Parties provide in relevant part that all of the Photographs had to be returned to Single Source in good condition by the

ending date of the Agreements, namely, June 30, 2012.  In addition, the Agreements and Delivery Contracts between the Parties provided that the MTA would pay Single Source for any Photographs that were lost or otherwise not returned to Single Source, at their fair market value or $1,500 per image, whichever was greater.

20. On January 31, 2012, Single Source met with the MTA, its agents, servants or attorneys, and Single Source made an initial determination that eighty (80) of the Photographs were lost, missing or damaged.

21. On the same day, Single Source further examined the Photographs and discovered that an additional One Hundred Fifty (150) Photographs were damaged beyond use, bringing the total number of lost, missing or damaged Photographs to Two Hundred Thirty (230).  The Parties acknowledged this in writing on or about January 31, 2012.  See form acknowledging the lost/missing Images, a copy of which is attached hereto as "Exhibit F" and incorporated herein by reference.

22. Single Source is entitled to be indemnified by the MTA for the lost, missing or damaged photographs at the greater of their fair market value or $1,500 per image.

23. Single Source made demand on the MTA for the value of Two Hundred Thirty (230) Photographs in the sum of either $345,000.00 (at $1,500 per photograph), or the fair market value of the photographs whichever is greater.  The MTA has refused to pay Single Source for the value of the lost, missing or damaged Photographs.

Count IV
(Breach of Contract – Lost Photographs)

24. Plaintiffs repeat the allegations of Paragraphs 1 through 8 of this Complaint as if said allegations were repeated herein in their entirety.

25. The Agreements and Delivery Contracts provide in relevant part that all of the Photographs had to be returned to the Single Source in undamaged condition by the ending date of the Agreements, namely, June 30, 2102. In addition, Agreements and Delivery Contracts provided that MTA would pay Single Source for any Photographs that were lost or otherwise not returned to Single Source at their fair market value or $1,500 per image, whichever was greater.

26. On January 31, 2012, Single Source met with the MTA, its agents, servants or employees, and Single Source made an initial determination that eighty (80) of the Photographs were lost or missing and Four Hundred Seventy-Nine (479) Photographs were returned late. The Parties acknowledged this in writing on or about January 31, 2012. See "Acknowledgement Form" which is attached hereto as "Exhibit F" and incorporated herein by reference.

27. On the same day that the Parties agreed in writing that eighty (80) of the Photographs were lost or missing, Single Source further examined the Photographs and discovered that an additional One Hundred Fifty (150) Photographs were damaged beyond use, bringing the total number of lost or damaged Photographs to Two Hundred Thirty (230). Single Source wrote the following on the Acknowledgement Form:

> Upon receipt of $6000, SSI [Plaintiff, Single Source, Inc.] will acknowledge that no further financial action (legal) would be initiated against MTA [Defendant, Mohawk Trail Association, Inc.] for the 80 images lost/missing as well as late fee for the 479 images. Also returned were the 7 CD's.
>
> Upon review, many other images were damaged, dust, moisture and scratched. These release statements are predicated on the signage [sic] of a new contract. My statements before they go into effect need to be reviewed and approved by my Attorney, Drew

Epstein. The appropriate legal language would then be included in our revised, renewal agreement.

A copy of the Acknowledgement Form was provided to the MTA on or about January 31, 2012.

28. Thus, Single Source gave the MTA two conditions under which Single Source would resolve its claims for lost or missing Photographs; first, that the MTA pay Single Source the sum of $6,000, and second, that the Parties sign a new Agreement, subject to review by Single Source's counsel, that was similar to the prior agreements between the Parties.

29. MTA has neither paid the Single Source the sum of $6,000, nor entered into a new agreement going forward. Instead, the MTA's legal counsel sent a letter to Single Source with a "Release of All Demands" and a check for $5,400 which was to be in full settlement of all claims between the Parties. See Exhibit C. Single Source did not sign the release or negotiate the check, and rejected the offer in settlement.

30. Single Source is entitled to be indemnified by the MTA for the value of Two Hundred Thirty (230) Photographs, at the greater of their fair market value or $1,500 per image for a total of $345,000.00.

## Count V
(Breach of Contract – Failure to Pay Annual Contract Fee)

31. Plaintiffs repeat the allegations of Paragraphs 1 through 8 of this Complaint as if said allegations were repeated herein in their entirety.

32. The MTA has failed and neglected to pay the agreed contract price for the Agreements between the parties for several years as shown on the Account Annexed hereto as "Exhibit G," a copy of which is incorporated herein by reference.

33. The MTA owes Single Source the sum of $3,800, which represents the balance due through June 30, 2012.

WHEREFORE, Plaintiffs, James R. McElholm and Single Source, Inc., demand judgment against Defendant, Mohawk Trail Association, Inc., as follows:

a) That this court issue an injunction permanently enjoining and restraining Defendant from using and continuing to use any of Plaintiffs' Photographs in any manner whatsoever;

b) That the Defendant be required to deliver up for impoundment copies of all of Plaintiffs' Photographs in all forms whatsoever, which are in Defendants' possession or under their control, including all copies in all versions and media including printed copies, and copies in magnetic, electronic and digital formats;

c) That the court order the Defendant to delete all copies of the Photographs from Defendant's computers, web servers and/or storage facilities;

d) That under Count I, the Defendant be required to pay Plaintiffs such actual damages as Plaintiffs have sustained in consequence of Defendant's infringement of McElholm's copyright to the Photograph of the French King Bridge, and to pay for all gains, profits and advantages derived by Defendant from its use and infringement of McElholm's copyrighted Photograph;

e) That under Count II, Defendant be ordered to pay Plaintiffs their damages for failing to give McElholm Copyright credit for the French King Bridge Photograph;

f) That under Count III, Defendant pay Plaintiffs for the value of the lost, missing or damaged photographs at $1,500 per image for a total of $345,000.00, or for the fair market value of the photographs whichever is greater.

g) That under Count IV, Defendant pay Plaintiffs for the value of the lost, missing or damaged photographs at $1,500 per image for a total of $345,000.00, or for the fair market value of the photographs whichever is greater.

h) That under Count V, Defendant be ordered to pay Plaintiffs the agreed contract amounts as shown on the Account Annexed hereto in the sum of $3,800, which represents the balance due through June 30, 2012.

i) That Defendant pays to Plaintiffs their costs together with reasonable attorney's fees in an amount to be determined by the Court;

j) That Plaintiffs have such other and further relief as is deemed to be just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY

James R. McElholm and
Single Source, Inc.,
By their attorney,

s/ Andrew D. Epstein

January 11, 2016

_____
Andrew D. Epstein, Esquire
BBO #155-140
Barker, Epstein & Loscocco
10 Winthrop Square
Boston, MA  02110
(617) 482-4900
FAX: (617) 426-5251
Photolaw@aol.com